UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CLIFFORD INGRAM,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>K. STERLING, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 14-cv-02691-GPC (DHB)<br><br>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT**<br><br>**(ECF No. 25)** |

　　　　On May 25, 2016, Plaintiff filed a Motion for Entry of Default. (ECF No. 25.) Plaintiff requests entry of default against Defendant K. Sterling pursuant to Rule 55 of the Federal Rules of Civil Procedure. (*Id.*) Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

　　　　On April 15, 2016, Plaintiff filed a Second Amended Complaint ("SAC") against Defendants K. Sterling, K. Balakian, K.A. Seibel, and D. Paramo (collectively "Defendants"), alleging retaliation, right to free speech, and right to redress grievances (Counts 1-3) against Defendant Sterling, and deliberate indifference and acquiescence against Defendants Balakian, Seibel, and Paramo. (ECF No. 18.) On April 28, 2016, Defendants filed a Motion to Dismiss Portions of Plaintiff's SAC pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure, which is currently pending before this Court. (ECF No. 22.) Defendants move to dismiss Count 3, arguing Plaintiff failed to exhaust administrative remedies before filing suit. (ECF No. 22-1 at pp. 10-12.) Defendants further argue Plaintiff has failed to state a retaliation claim in Count 3, and Defendants are entitled to qualified immunity on Count 3. (*Id.* at pp. 12-16.) Defendants also argue Plaintiff fails to state claims for free speech, right to redress grievances, deliberate indifference, and supervisor liability. (*Id.* at pp. 16-21.) In their conclusion, Defendants concede that they do not move to dismiss the retaliation claims incorporated in Counts 1 and 2 against Defendant Sterling. (*Id.* at p. 22.)

Defendant now argues that because Defendant Sterling did not answer or otherwise defend the retaliation claims incorporated in Counts 1 and 2, default should be entered on these claims. (ECF No. 25 at 1-2.) For the reasons set forth below, the Court denies Plaintiff's request to enter default against Defendant Sterling.

Federal Rule of Civil Procedure 12(a)(4) provides that a Rule 12 motion tolls the time period within which a defendant must file a responsive pleading. Fed. R. Civ. P. 12(a)(4). The majority of courts have concluded that Rule 12(a)(4) also applies to a partial Rule 12(b) motion, tolling the time period for filing an answer to all claims contained in the complaint, not just the claims for which the motion seeks dismissal. *See Abbott v. Rosenthal*, 2 F. Supp. 3d 1139, 1142-43 (D. Idaho 2014) (citing *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, No. CV 11-01056-PHX-NVW, 2011 WL 6296833, at *5 (D. Ariz. Dec. 16, 2011) ("[T]he majority of courts have expressly held that even though a pending motion to dismiss may only address some of the claims alleged, the motion to dismiss tolls the time to respond to all claims.")); *Talbot v. Sentinel Ins. Co., Ltd.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases); *Palantir Techs., Inc. v. Palantir.net, Inc.*, No. C 10-04283, 2011 WL 62411 (N.D. Cal. Jan. 7, 2011) (acknowledging the majority rule in the Ninth Circuit); *Pestube Sys., Inc. v. HomeTeam Pest Defense, LLC*, No. CIV-05-2832-PHX-MHM, 2006 WL 1441014, at *7 (D. Ariz. May 24, 2006) (collecting cases). "Otherwise, a defendant would have to file an answer as to

1 any claims not subject to the motion to dismiss, only to file a second or amended answer
2 later if the motion is denied." *Id.* at 1143.  To further the important goal of judicial
3 efficiency, this Court concludes in accordance with the majority rule that Defendants are
4 not required to answer any part of the SAC prior to the Court's decision on Defendants'
5 Motion to Dismiss Portions of Plaintiff's SAC.  Therefore, Plaintiff's Motion for Entry of
6 Default is **DENIED**.

7      IT IS SO ORDERED.

8 Dated:  August 16, 2016

                                                                                 DAVID H. BARTICK
                                                                                 United States Magistrate Judge